United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50713
Summary Calendar

ELEAZAR GONZALEZ,

Plaintiff-Appellant,

versus

ERNESTO GONZALEZ,
SUK CHA GONZALEZ,
doing business as Hong Kong Buffet,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(USDC No. 1:05-cv-223)
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

Appellant won below on his FLSA claim and appeals only the district court's calculation of his damage award. The over-time provisions of the Fair Labor Standards Act require an employer to pay covered workers "at a rate of not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Appellant argues that his "regular rate" should have been calculated by dividing his weekly salary by the number of hours he worked per week — a rate which exceeded minimum wage. He

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

explains that his overtime wages should have been calculated based on this rate and the number of overtime hours work.

The district court, however, assumed that the plaintiff was hired for the minimum wage, and that any extra money provided by his fixed salary was intended to *partially* compensate for overtime. The district court calculated the overtime rate based on the minimum wage, and deducted from plaintiff's overtime wages the partial compensation. As a result of the district court's approach, plaintiff argues that he is owed an additional $6,804.85 in wages and $6,804.85 in liquidated damages.

There was a trial below and testimony about the parties' intent. Yet the plaintiff argues that "it is indisputable that the district court was itself *deeming* the Plaintiff's hourly wage to be the minimum wage of $5.15 as *a matter of law*, rather than finding that this wage somehow represented the intent of the parties." (emphasis added).

We disagree. The district court found that "the twice monthly payments were *intended* to cover all hours worked, including regular hours and overtime." (emphasis added). It further found that "the raises were *intended* to compensate plaintiffs for overtime hours worked." (emphasis added). Plaintiff's efforts to transform this into a legal question are inconsistent with the record. We review a district court's factual findings for clear error, which plaintiff does not even attempt to show. The judgment of the district court is

AFFIRMED.